UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RALPH JACKSON,

        Plaintiff,                Case No. 2:25-cv-12908

v.                                     Hon. Brandy R. McMillion
                                         United States District Judge

CRAIG JONES,

        Defendant.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff Thomas Ralph Jackson ("Jackson"), a prisoner housed at the Macomb Correctional Facility, filed this civil rights complaint under 42 U.S.C. § 1983 against corrections officer Defendant Craig Jones ("Jones"). *See generally* ECF No. 1. Jackson is proceeding *pro se* and without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1), so the Court must screen his complaint. Jackson raises two claims that Jones violated his rights under the Eighth Amendment. For the reasons set forth below, the Court **SUMMARILY DISMISSES** Jackson's Eighth Amendment claim predicated on the denial of a meal. However, Jackson's Eighth Amendment claim related to Jones damaging Jackson's eyes with a flashlight survives initial screening.

1

## I.

The events giving rise to the complaint occurred at the Macomb Correctional Facility in Lenox Township, Michigan from September 2022 through April 2023. *See* ECF No. 1, PageID.6. Jackson alleges that Jones harassed him repeatedly over a period of eight months. *Id.* On September 6, 2022, Jones stood by Jackson's cell and shined a beam from a high intensity flashlight directly into Jackson's eyes. *Id.* at PageID.3. The flashlight beam caused instant pain, a headache, and blind spots in Jackson's field of vision. *Id.* It also caused him to be disoriented and increased his heart rate. *Id.* Jackson explained to Jones that he has several medical concerns with his eyes including light sensitivity. *Id.* He alleges that when Jackson shined the flashlight in his eyes it caused great pain and exacerbated his eye problems. *Id.*

On September 8th, 2022, Jones again aimed the flashlight directly into Jackson's eyes. *See* ECF No. 1, PageID.4. Once again Jackson experienced extreme pain. *Id.* Jackson states that between the dates of September 8th, 2022 and April 15th, 2023, Jones repeatedly and deliberately aimed the high intensity flashlight directly into Jackson's eyes at least 13 times. *Id.* On September 20th, 2022, Jackson consulted with health care services because he had blurry vision. *Id.* He attributed these difficulties to Jones repeatedly shining the flashlight in his eyes. *Id.* A month or so later, he was examined by an optometrist and prescribed eyeglasses. *Id.* at PageID.5. Jones's actions resulted in Jackson experiencing "eye pain, headaches,

temporary blind spots, disorientation, increased heart rate, difficulty maintaining the focus of [his] vision on words and images, blurred vision, and increased sensitivity to light …" *Id.* at PageID.6. Jackson claims that Jones's actions constitute cruel and unusual punishment and deliberate indifference to his medical needs. *Id.*

Jackson further states that, on October 2, 2022, Jones intentionally deprived him of a dinner meal. *See* ECF No. 1, PageID.5-6. He claims this conduct also inflicted cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at PageID.6.

## II.

The Court granted Jackson's application to proceed without prepayment of the fees and costs in this action. *See* ECF No. 5. Under the Prison Litigation Reform Act of 1996, the Court must screen the complaint before service and dismiss the complaint, or any portion of the complaint, if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P.

8(a)(2), (3). This rule is intended to give a defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Detailed factual allegations are not required but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

## III.

Jackson asserts two Eighth Amendment conditions of confinement claims. The Eighth Amendment, as made applicable to states through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" against prisoners. U.S. Const. amend. VIII. "[A] prison official's deliberate indifference to conditions that pose a substantial risk to an inmate's health and safety violates the Eighth Amendment." *Finley v. Huss*, 102 F.4th 789, 805 (6th Cir. 2024) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). There is both an objective and subjective component to an Eighth Amendment claim. *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). To satisfy the objective component, a plaintiff "must show

that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component requires that the prison official act with a "sufficiently culpable state of mind." *Id.*

Jackson claims that Jones deprived him of a single meal on one occasion. *See* ECF No. 1, PageID.5-6. This isolated incident does not constitute a sufficiently serious deprivation of a basic human need to state an Eighth Amendment violation. *See, e.g., Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (depriving a prisoner of seven meals over six days did not rise to the level of an Eighth Amendment violation); *Moore v. Liewert*, No. 22-2056, 2023 WL 8378827, at *3 (6th Cir. Aug. 16, 2023) ("[T]he denial of a single meal, even taking into consideration [the plaintiff's] diabetes, is a de minimis event…"). Therefore, Jackson's Eighth Amendment claim based on the denial of a single meal will be dismissed for failure to state a claim upon which relief may be granted.

Jackson also raises an Eighth Amendment claim against Jones for repeatedly shining a high intensity flashlight in his light-sensitive eyes, causing Jackson vision problems and headaches. *See* ECF No. 1, PageID.3-6. This claim is not subject to summary dismissal. Jackson has pleaded sufficient facts to meet both the objective and subjective prongs of an Eighth Amendment analysis; and thus, Jackson states a potential claim for relief.

While Jackson may or may not ultimately prevail on this claim, he has stated enough facts to survive initial screening.

### IV.

Accordingly, **IT IS HEREBY ORDERED** that Jackson's allegation that the denial of a single meal violated the Eighth Amendment fails to state a claim upon which relief may be granted and is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Jackson's claim that Defendant Jones violated the Eighth Amendment by damaging his eyes with a flashlight survives initial screening.

**IT IS FURTHER ORDERED** that this matter is referred to the *Pro Se Prisoner Early Mediation Program*.

**IT IS SO ORDERED.**

Dated: October 6, 2025  
    Detroit, Michigan

/s/ Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge